963 F.2d 382
 NOTICE: Although citation of unpublished opinions remains unfavored, unpublished opinions may now be cited if the opinion has persuasive value on a material issue, and a copy is attached to the citing document or, if cited in oral argument, copies are furnished to the Court and all parties. See General Order of November 29, 1993, suspending 10th Cir. Rule 36.3 until December 31, 1995, or further order.
 Roland G. LaFONT, Petitioner,
v.
NATIONAL TRANSPORTATION SAFETY BOARD; and Federal Aviation
Administration, Respondents.
 No. 91-9564.
 United States Court of Appeals, Tenth Circuit.
 May 19, 1992.
 
 Before LOGAN, BARRETT and EBEL, Circuit Judges.*
 ORDER AND JUDGMENT**
 EBEL, Circuit Judge.
 
 
 1
 This is an appeal from a determination by the National Transportation Safety Board (NTSB) that the Petitioner violated 14 C.F.R. § 91.87(h) (1990), which prohibits a pilot at an airport with an operating control tower from taxiing an aircraft onto a runway without a valid clearance from Air Traffic Control. The NTSB affirmed the determination of an administrative law judge (ALJ) that the Petitioner taxied his aircraft onto an active runway at Albuquerque International Airport without a valid clearance, causing another aircraft to abort its approach to landing. Based upon this determination, the Petitioner's pilots license was suspended for thirty days. We affirm the determination of the NTSB.
 
 
 2
 The Petitioner argues that he reasonably interpreted a radio transmission by a local controller as a clearance to taxi onto the runway and that the NTSB's determination to the contrary was not based on substantial evidence. The controller told the Petitioner, "runway 8 hold short." The Petitioner argues that the controller, if he wanted the Petitioner to stay off the runway, should have told the Petitioner, "hold short runway 8," followed by the reason for the instruction (e.g., "for landing traffic"). Because the controller gave the runway number first, the Petitioner argues, he reasonably thought that he was cleared onto the runway to await a takeoff clearance.
 
 
 3
 During the hearing before the ALJ, several witnesses testified that the controller's instruction, "hold short," unambiguously directed its recipient to stay off the runway. The Petitioner's only response to this testimony was that the phraseology prescribed by two sections of the Air Traffic Control Handbook places the "hold short" instruction prior to the runway number. There was some dispute as to the applicability of those sections of the Air Traffic Control Handbook to the transmission that is at issue. Moreover, even if those sections are applicable, the Petitioner supplied no authority for the proposition that a departure from the prescribed phraseology supported his interpretation of the transmission or otherwise exonerated his action.[1] Based upon this record, we cannot conclude that the NTSB's determination that the Petitioner's interpretation was unreasonable was unsupported by substantial evidence.[2]
 
 
 4
 Accordingly, we AFFIRM the determination of the NTSB. The mandate shall issue forthwith.
 
 
 
 *
 After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. See Fed.R.App.P. 34(a); 10th Cir.R. 34.1.9. Therefore, the case is ordered submitted without oral argument
 
 
 **
 This order and judgment has no precedential value and shall not be cited, or used by any court within the Tenth Circuit, except for purposes of establishing the doctrines of the law of the case, res judicata, or collateral estoppel. 10th Cir.R. 36.3
 
 
 [1]
 At the Petitioner's hearing, at least one FAA witness testified that if there was any doubt as to the meaning of the controller's instruction, that it was the Petitioner's duty to seek clarification. The Petitioner does not dispute this argument but responds that he had no doubt as to the meaning of the controller's instruction--that he interpreted the instruction as unequivocally authorizing him to taxi onto the runway. Because the NTSB did not address the duty to clarify and found that the Petitioner's interpretation, even though undoubted by him, was not reasonable, we do not address the Petitioner's duty to clarify
 
 
 [2]
 Admittedly, the use of the word "hold" in both the "hold short" instruction and the "taxi into position and hold" instruction, which does authorize a pilot to taxi onto the runway, might cause some confusion. However, the Petitioner has offered no evidence that the words "hold short" are ever used by controllers to authorize entry onto a runway